**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

GERARDO S.,

Plaintiff,[1]

v.

FRANK BISIGNANO,
COMMISSIONER
OF SOCIAL SECURITY,

Defendant.[2]

Case No.:  23-cv-01253-DMS-LR

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Pending before the Court is a Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Plaintiff's counsel ("Motion").  (Mot., ECF No. 13).  Defendant filed a response "neither support[ing] nor oppos[ing] Counsel's request for attorney's fees in the amount of $28,002.75." (Resp., ECF No. 14 at 2).  For the following reasons, the Motion is granted.

## I.    BACKGROUND

On July 6, 2023, Plaintiff filed this action against the Acting Commissioner of Social Security, seeking review of the denial of his application for disability insurance benefits. (ECF No. 1 at 1).  On January 5, 2024, the Parties filed a Joint Motion to Remand to the

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."
[2] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Frank Bisignano is automatically substituted as a party for Kilolo Kijakazi.

Social Security Administration. (ECF No. 11). On January 17, 2024, the Court granted the motion, remanding the case to the Commissioner of Social Security for further administrative proceedings. (ECF No. 12); *see* 42 U.S.C. § 405(g). On remand, the Administrative Law Judge found Plaintiff to have been disabled since February 20, 2019. (Mot. 3). On January 29, 2026, Plaintiff received a Notice of Award reflecting past-due benefits of $112,011.00. (Mot. Ex. A, ECF No. 13-1 at 1, 4). Pursuant to the agency's regular practice, it withheld $28,002.75, which is twenty-five percent of Plaintiff's past-due benefits. (*Id.* at 5). Of that amount, the agency allocated $9,200.00 toward potential fees for representation before the agency, leaving $18,802.75 "in case your lawyer asks the Federal Court to approve a fee for work that was done before the court." (Mot. Ex. A 4–5); *see* § 406(a)(2)(A) (authorizing a fee which is the lesser of twenty-five percent of the past-due benefits or a maximum amount); Maximum Dollar Limit in the Fee Agreement Process, 89 Fed. Reg. 40523 (May 10, 2024) (setting $9,200 as the representative fee cap). On January 29, 2026, Plaintiff's counsel filed the present Motion seeking $28,002.75 in attorney fees under § 406(b) for representing Plaintiff in this action. (Mot. 1). On February 11, 2026, Defendant filed a response neither supporting nor opposing the Motion. (Resp. 2). Plaintiff was served with the Motion but has not filed any objection or response. (Mot. 8). Counsel has neither sought nor received fees under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(d); *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012) (noting the EAJA savings provision requires a refund to the claimant when an attorney receives a fee award under § 2412(d) and § 406(b) for the same work).

## II.    LEGAL STANDARD

When "a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow . . . a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." § 406(b)(1)(A). "Any such award is paid directly out of the claimant's benefits." *Parrish*, 698 F.3d at 1217. "Where an attorney represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the district court's reasonableness

23-cv-01253-DMS-LR

determination." *Robles v. Saul*, 831 F. App'x 272, 273 (9th Cir. 2020) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). "The attorney bears the burden of establishing that the fee sought is reasonable," whereas the Commissioner of Social Security, with "no direct financial stake in the answer to the § 406(b) question[,] . . . plays a part in the fee determination resembling that of a trustee for the claimants." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009); *Gisbrecht*, 535 U.S. at 798 n.6. Furthermore, the court "has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford*, 586 F.3d at 1149. In evaluating reasonableness, the court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall," such as when the "benefits [] are not in proportion to the time spent on the case." *Id.* at 1151. "As evidence of the reasonableness of the resulting fee, the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges . . . . but *only as an aid* in assessing the reasonableness of the fee." *Id.*

### III.   DISCUSSION

The Court begins with the relevant contingency fee agreement. Plaintiff signed the agreement on July 6, 2023, acknowledging that the "attorney has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court." (Mot. Ex. B, ECF No. 13-2 at 1–2). This percentage is at the statutory cap, which is now "the most common fee arrangement between attorneys and Social Security claimants." *Crawford*, 586 F.3d at 1147 (citation modified); *see* § 406(b)(1)(A). Nevertheless, the Court must do an "independent check to determine whether the requested fee is reasonable." *Robles*, 831 F. App'x at 273 (citation modified). Here, there is no evidence of substandard representation. Counsel reviewed the administrative record, identified errors in the evaluation of Plaintiff's impairments, and secured a voluntary remand culminating in a favorable decision. (Mot. 5). There is also no evidence that counsel engaged in dilatory conduct to cause "an undue accumulation of past-due benefits."

23-cv-01253-DMS-LR

*Crawford*, 586 F.3d at 1151. An award of $28,002.75 would also not be a windfall.[3] Counsel spent twenty-two and a half hours on this action, yielding an effective hourly rate of approximately $1,244.57. (Mot. 4). This rate, although "on the higher end, [] is within the range of hourly rates approved by other courts in the Ninth Circuit." *Oscar J. v. Bisignano*, No. 20-cv-1432-AJB-BLM, 2025 WL 2431796, at *2 (S.D. Cal. Aug. 22, 2025) (referencing an effective rate of $1,224.37) (collecting cases). Furthermore, this effective rate is similar to counsel's hourly rate of $1,141.00 in non-contingency cases. (Mot. 5); *cf. In re CWS Enters., Inc.*, 870 F.3d 1106, 1116 (9th Cir. 2017) ("Contingent fee agreements provide reasonable alternatives to the hourly retainer, despite the fact that, as a result of their contingent and therefore risky nature, such agreements typically generate fees substantially in excess of lodestar calculations when the lawyer succeeds." (citation modified)). For these reasons, the Court finds the fee request to be reasonable. (*See* Resp. 3 ("The Commissioner has given substantive consideration to the merits of the Motion for § 406(b) fees and found no basis to object.")).

### IV.    CONCLUSION AND ORDER

For the reasons set out in this order, the Court **GRANTS** the Motion and **AWARDS** Plaintiff's counsel $28,002.75 in attorney fees pursuant to § 406(b)(1)(A).

**IT IS SO ORDERED.**

Dated: June 30, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

---

[3] The Court notes that the twenty-five percent cap in § 406(b)(1)(A) "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019). Thus, the allocation of $9,200.00 for representation before the agency does not change the Court's conclusion. *See Bennett v. Bisignano*, No. 22-35901, 2026 WL 686549, at *1 (9th Cir. Mar. 11, 2026) (reversing the denial of § 406(b) fees where "the Commissioner failed to withhold an adequate amount of funds") (unpublished); *see also* (Mot. Ex. B at 2 ("This contract is in addition to any other fee agreement I have signed or will sign with my attorney for representation before the Social Security Administration.")).